IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHAD ALBURY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA WEST BANK, FDIC AS RECEIVER OF AMERICA WEST BANK, 2010-2SFR VENTURE LLC, JAMES WOODALL AS TRUSTEE OF 2010-2SFR, ISERVE SERVICING, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR DECLARATORY RELIEF<br><br><br><br>Case No. 1:10-CV-197 TS |

This matter is before the Court on a Motion to Dismiss and Motion for Declaratory Relief filed by Defendants 2010-2SFR Venture, LLC and iServe Servicing, Inc. ("Moving Defendants"). For the reasons discussed below, the Court will grant the Motion to Dismiss, but deny the Motion for Declaratory Relief.

1

## I. MOTION TO DISMISS STANDARD

In considering whether a Complaint fails to state a claim upon which relief may be granted, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

## II. BACKGROUND

On or about October 3, 2007, Plaintiff entered into a Construction Real Estate Secured Balloon Note with America West Bank for property located in Bountiful, Utah. On or about that same date, Plaintiff entered into a Consumer Construction Loan Agreement with America West

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Bank. On or about November 5, 2008, Plaintiff and America West Bank entered into a Change in Terms Agreement to facilitate the refinancing of the Construction Loan. Plaintiff alleges a number of claims as a result of the Change in Terms Agreement, including breach of contract, fraudulent inducement, conversion, wrongful foreclosure, and violations of the Truth in Lending Act ("TILA").

Around the time of the Change in Terms Agreement, America West Bank was taken over by the FDIC as receiver. There are no allegations in the Complaint that the FDIC acquired any of the liabilities of American West Bank when it took over as receiver.

Though the Complaint is less than clear, it appears that the Moving Defendants—2010-2SFR Venture, LLC and iServe Servicing, Inc.—are now the owners of the note. The Complaint contains no allegations that the Moving Defendants acquired any of the liabilities of American West Bank when they acquired the note. Indeed, the Complaint has very few allegations against the Moving Defendants. Plaintiff's only claims that have any allegations concerning the Moving Defendants is his claims for wrongful foreclosure and violation of the Real Estate Settlement Procedures Act ("RESPA").

## III. DISCUSSION

The majority of Plaintiff's claims against the Moving Defendants fail as a matter of law because his Complaint contains no allegations against the Moving Defendants as to those claims. As stated, Plaintiff's only claims that have any allegations against the Moving Defendants are his claims for wrongful foreclosure and for violations of RESPA.

Plaintiff's wrongful foreclosure claim is predicated on his claims relating to American West Bank. As stated, there is no allegation that the Moving Defendants acquired any of the liabilities of American West Bank. Therefore, this claim fails as a matter of law.

Plaintiff's RESPA claim alleges that Plaintiff sent the Moving Defendants a Qualified Written Request ("QWR"), but that the Moving Defendants had not responded as of the filing of the Complaint.

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.[6]

A QWR relates only to the "servicing" of the loan, which is defined as requests relating to the "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."[7] If the lender fails to comply with a QWR, the borrower is entitled to "any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."[8]

---

[6]*Id*. § 2605(e)(1)(B).

[7]*Id*. § 2605(i)(3).

[8]*Id*. § 2605(f)(1).

Here, Defendants did respond to Plaintiff's QWR.[9]  Even if Defendants had not responded, Plaintiff has failed to present any allegations demonstrating a causal link between any damages and the alleged RESPA violations.  Therefore, Plaintiff's RESPA claim fails as a matter of law.  Based on all of the above, Plaintiff's Complaint against the Moving Defendants will be dismissed.

In its Motion, the Moving Defendants request declaratory judgment.  Under 28 U.S.C. § 2201(a), a declaratory judgment request is required to be asserted in an "appropriate pleading." Pleadings, defined in Fed.R.Civ.P. 7(a), include: a complaint, an answer to a complaint, an answer to a counterclaim, an anser to a cross claim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer.  The only "pleading" filed in this case is Plaintiff's Complaint.  Therefore, the Court finds that the Moving Defendants have not properly brought a claim for declaratory judgment and will deny their request for such.[10]

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 8) is GRANTED.  It is further

ORDERED that Defendants' Motion for Declaratory Relief (Docket No. 8) is DENIED.

---

[9]Docket No. 9, Ex. C.

[10]*See Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma (USA), Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)) ("'[A] party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment.'").

DATED March 15, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge